■ Symphony Fabrics Corporation, Respondent-Appellant, v Creations By Aria, Inc., et al., Appellants-Respondents. — Order and judgment of the Supreme Court, New York County (Grossman, J.), entered June 21, 1984, after a nonjury trial, awarding plaintiff Symphony $61,876.87 against defendant Creations By Aria and $28,899.20 against defendant Argent-Fille, Ltd., and awarding defendant Aria $16,044.13 and defendant Argent $15,119.24 on their counterclaims, is modified, on the law and facts, without costs, so as to remand for trial as to the post-July 30, 1980 purchases only, and is otherwise affirmed. Execution of judgment stayed until conclusion of continued trial. Settle order.

Plaintiff is a seller of fabrics and defendants, who share a community of interests, are long-time customers. In 1980, a dispute arose over materials purchased by both defendants. Defendants originally ordered two fabric styles from plaintiff and received insufficient shipments of one of them, style 555. To remedy this, defendant Aria switched to a different fabric. Aria also requested that plaintiff pick up the shipments of style 555 which were no longer needed and credit its account. Plaintiff failed to do this, so Aria eventually sold the material, realizing approximately $2,750. It was awarded $16,044.13 by the trial court as its damages.

Defendant Argent-Fille purchased approximately $11,000 worth of a material known as style 303 from January 1980 to July 1980. Near the end of July, one of the Argent-Fille's quality inspectors discovered a defect in completed dresses made from this fabric. This defect was not noticeable when the fabric was on rolls. The fabric was sent to Symphony for examination and Argent-Fille continued to purchase the fabric. Symphony had purportedly made representations to Argent-Fille that Symphony would assist Argent-Fille in mitigating Argent-Fille's losses.

At trial, the Judge excluded all evidence of warranties, express or implied, and all representations Symphony allegedly made after July 30, 1980, the time when the defect was purportedly discovered. The Judge postulated that all purchases after July 30 were made with Argent-Fille's eyes open as to defects. This prevented defense counsel from introducing evidence relevant to the matter and any past practices.

Defendant's contention that plaintiff lacks standing to sue is without merit. Defendants claim that Symphony lacks standing as it assigned its receivables to a factor. Pursuant to CPLR 3211 (a), (e), an objection on the ground of lack of capacity to sue is usually waived if not raised by motion or pleading. (*See also, World Literature Crusade v Hayner,* 71 AD2d 703.) Inasmuch as this issue was not raised until trial, in 1984, whereas the action was commenced in October 1981, the objection may be deemed waived.

However, the Trial Term erred in excluding evidence as to the post-July 30, 1980 purchases. Uniform Commercial Code article 2 provides for both express and implied warranties upon the purchases of goods. Symphony's affirmative representations could be construed as creating express warranties under UCC 2-313. Alternatively, Symphony's purported assertions that it would stand behind this problem could also create implied warranties under UCC 2-314. Under UCC 2-315, Symphony's knowledge of the use to which defendants were putting the fabric could also create an implied warranty of fitness for a particular purpose.

Symphony's contention that defendants' conduct and course of dealing constituted a waiver of any and all warranties is without merit. Among other things, defendant Argent-Fille was prevented from introducing evidence which demonstrated a course of conduct where Symphony credited defendant for its losses.

Settle order. Concur — Kupferman, J. P., Sullivan, Fein, Milonas and Ellerin, JJ.